UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LORI MALONE,

    Plaintiff,

v.                               Case No.:  2:20-cv-35-FtM-38MRM

ETHICON, INC. and JOHNSON &
JOHNSON,

    Defendants.
_____/

## ORDER[1]

Before the Court is a *sua sponte* review of Plaintiff Lori Malone's Complaint. (Doc. 1). Malone brings this action against Defendants Ethicon, Inc. and Johnson & Johnson based on diversity jurisdiction. Since Malone is proceeding in federal court, she must show that the parties' citizenship is completely diverse and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

Federal courts have limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Here, Malone failed to properly plead the citizenship of either Defendant. Malone states the parties are "citizens of different states." (Doc. 1 at 2). But the Complaint only indicates that Ethicon is a subsidiary of Johnson "located

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

in" New Jersey and Johnson is a corporation with its "worldwide headquarters" in New Jersey. (Doc. 1 at 1-2). For diversity purposes, a corporation is a citizen of its state of incorporation and the state where it has its principal place of business. *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). The state of incorporation is "the state in which the appropriate regulatory agency has issued a certificate of incorporation or other legal document signifying that the corporation has been properly established pursuant to the state's law." *Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir. 1985). A corporation's principal place of business is its "nerve center," a term "best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The Complaint fails to properly plead either for the Defendants, thus it did not adequately plead diversity jurisdiction.

Further compounding these issues, Malone fails to properly plead her own citizenship. The Complaint only alleges Malone is a "resident" of Florida. (Doc. 1 at 1). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). A party's residence in a state—without more—is not enough to show citizenship. *E.g.*, *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 2169 (11th Cir. 2013). Rather, "Citizenship is equivalent to domicile for purposes of diversity jurisdiction." *Id.* (internal quotation marks and citation omitted). So the Complaint fails to plead Malone's citizenship too.

Since diversity jurisdiction requires complete diversity—"every plaintiff must be diverse from every defendant"—a plaintiff must properly plead the citizenship of each

plaintiff and defendant.[2]  *E.g.*, *Lyons v. O'Quinn*, 607 F. App'x 931, 933 (11th Cir. 2015). Malone must do so to show the Court has diversity jurisdiction.  Because the Court cannot conclude it has jurisdiction, the Court dismisses the Complaint without prejudice.  Malone may file an amended complaint that adequately pleads subject-matter jurisdiction.  *See* 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. Plaintiff may file an amended compliant consistent with this Order **on or before February 6, 2020.  The failure to file a timely, sufficient amended compliant may result in the case being closed without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of January, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[2] A subsidiary has its own citizenship apart from its parent, unless the subsidiary is a mere alter ego.  *Fritz*, 751 F.2d at 1153-54; *TKI, Inc. v. Nichols Research Corp.*, 191 F. Supp. 2d 1307, 1317 (M.D. Ala. 2002).  If Malone is attempting to rely on that theory, simply stating Ethicon is "wholly owned" by Johnson likely does not pass muster. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011).